UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YANITZA V. RUIZ,
and other similarly situated individuals,

      Plaintiff (s),

v.

COBALT COMMERCIAL SERVICES, LLC
and MARCOS BECARI, individually,

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YANITZA V. RUIZ and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants COBALT COMMERCIAL SERVICES, LLC, and MARCOS BECARI individually and alleges:

1. This is an action to recover money damages for failure to pay overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YANITZA V. RUIZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant COBALT COMMERCIAL SERVICES, LLC, (hereinafter COBALT COMMERCIAL, or Defendant) is a Florida Profit Corporation having a place of

business in Miami, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant MARCOS BECARI was and is now the owner/partner and operator of COBALT COMMERCIAL. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff YANITZA V. RUIZ as a collective action to recover from Defendants, overtime compensation, liquidated damages, retaliatory damages, reasonable attorney's fees and costs under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after April 01, 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant COBALT COMMERCIAL is a company providing maintenance and cleaning services to commercial accounts.

8. Defendants COBALT COMMERCIAL and MARCOS BECARI employed Plaintiff YANITZA V. RUIZ as a busser and cleaning employee from approximately April 01, 2019, through November 23, 2019, or 34 weeks.

9. Plaintiff was sent to work to The Lincoln Eatery Food Hall, which is an indoor court featuring multiple food vendors such as cafeterias, restaurants, and bars sharing common self-serve dinner areas, entertainment, and sanitary installations.

10. The Lincoln Eatery is operated by Terranova Corporation, which provides the property management to the food court, and is responsible for the operations of the entire facility, including cleaning and maintenance.

11. The Lincoln Eatery Food Hall is located at 723 N. Lincoln Lane, Miami Beach Florida, 33139. The Plaintiff worked in this location as a busser and cleaning person.

12. Every day, the Plaintiff reported working directly to the worksite. The Plaintiff was supervised by staff from COBALT COMMERCIAL and from managers of Terranova Corporation.

13. The Plaintiff was hired as non-exempted, full-time, hourly, busser and cleaning employee with a wage rate of $11.00, $12.00, and $12.50 an hour.

14. While employed by Defendants Plaintiff had an irregular schedule. Usually, the Plaintiff worked 5 days per week, a different number of hours every week, but she worked more than 40 hours in a week period, most of the time. The Plaintiff was unable to take bonafide lunch periods.

15. During the relevant time of employment, sometimes Plaintiff was paid for all her overtime hours at the correct rate, sometimes she was paid just for a few overtime hours, and sometimes she was not paid for any of her overtime hours.

16. There is a substantial number of overtime hours that were never paid to the Plaintiff any rate, not even the minimum wage rate. Based on Plaintiff's paystubs,

Defendants failed to pay Plaintiff a minimum of 67.5 overtime hours, which represents a value of approximately $1,220.25.

17. The Plaintiff did not clock in and out, but she wrote a timecard, and Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated employees.

18. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. The Plaintiff was not in agreement with the lack of payment for his working hours and she complained to the Defendants several times. The Plaintiff complained about the missing overtime payment individually, and collectively, as a part of a team of similarly situated employees.

20. On or about October 22, 2019, Plaintiff complained to her supervisor Nelson LNU, about missing payment for overtime hours.  The supervisor told Plaintiff that on November 11, 2019, there would be an office meeting in which the owner of the business MARCOS BECARI, would explain why Plaintiff and other workers were not entitled to be paid for all their overtime hours.  Defendants never offered the promised explanation on November 11, 2019

21. On or about November 19, 2019, Plaintiff complained again to the supervisor Nelson LNU, she requested to be paid for all her overtime hours.  This time, the supervisor told Plaintiff that Defendants would not pay her for all her overtime hours and that she could take it or leave it. However, Plaintiff continued working.

22. As a result of the Plaintiff's complaints, on or about November 23, 2019 Plaintiff was ordered to train a new employee. after Plaintiff finished the training hours, Defendant fired Plaintiff without further explanations.

23. Plaintiff YANITZA V. RUIZ seeks to recover overtime hours, liquidated and retaliatory damages, as well as any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more workweeks during the relevant time period, but who did not receive minimum wages and overtime payment at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

25. Plaintiff YANITZA V. RUIZ re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff YANITZA V. RUIZ, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. The employer COBALT COMMERCIAL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a maintenance and cleaning business providing workers for commercial accounts. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

28. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated performed their duties on facilities directed to the tourism industry, and they handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

29. Defendants COBALT COMMERCIAL and MARCOS BECARI employed Plaintiff YANITZA V. RUIZ as a busser and cleaning employee from approximately April 01, 2019, through November 23, 2019, or 34 weeks.

30. The Plaintiff was sent to work to The Lincoln Eatery Food Hall, which is an indoor court featuring multiple food vendors such as cafeterias, restaurants, and bars, sharing common self-serve dinner areas and sanitary installations.

31. The Lincoln Eatery Food Hall is located at 723 N. Lincoln Lane, Miami Beach Florida, 33139. The Plaintiff worked in this location as a busser and cleaning person.

32. Every day, the Plaintiff reported working directly to the worksite. The Plaintiff was supervised by staff from COBALT COMMERCIAL and from managers of Terranova Corporation. The Plaintiff wore Terranova's uniform.

33. The Plaintiff was hired as a non-exempted, full-time, hourly, busser and cleaning employee with a wage rate of $11.00, $12.00, and $12.50 an hour.

34. While employed by Defendants Plaintiff had an irregular schedule. Usually, the Plaintiff worked 5 days per week, a different number of hours every week, but she worked more than 40 hours in a week period most of the time. The Plaintiff was unable to take bonafide lunch periods.

35. During the relevant time of employment, sometimes the Plaintiff was paid for all her overtime hours at the correct rate, sometimes she was paid just for some overtime hours, and sometimes she was not paid for any of her overtime hours.

36. There is a substantial number of overtime hours that were never paid to the plaintiff. Based on Plaintiff's paystubs, Defendants failed to pay Plaintiff a minimum of 67.5 overtime hours.

37. The Plaintiff did not clock in and out, but she wrote timecards, and Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

38. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that this is only a good faith estimate of the unpaid overtime. The plaintiff will amend his calculations after proper discovery.

    a.   Total amount of alleged unpaid O/T wages:

       One Thousand Two Hundred Twenty Dollars and 25/100 ($1,220.25)

    b.   Calculation of such wages:

       Total weeks of employment:  34 weeks
       Total relevant number of weeks:18 weeks
       Total number of unpaid overtime hours: 67.5 O/T hours

       1.- 7 O/T  hours at $12.50 Reg. rate/ $18.75 O/T rate
         7 O/T hours x $18.75 O/T rate= $131.25

       2.- 60.5 O/T hours at $12.00 reg. rate/ $18.00 O/T rate
         60.5 O/T hours x 18.00 O/T rate= $1,089.00

       Total 1 and 2: $1,220.25

    c.  <u>Nature of wages (e.g. overtime or straight time):</u>

       This amount represents unpaid overtime wages.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At the times mentioned, individual Defendant MARCOS BECARI was, and is now, the owner/director and manager of Defendant Corporation COBALT COMMERCIAL. Individual Defendant MARCOS BECARI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of COBALT COMMERCIAL in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant MARCOS BECARI had absolute operational and financial control of COBALT COMMERCIAL and he is jointly and severally liable for the Plaintiff's damages.

46. Defendants COBALT COMMERCIAL and MARCOS BECARI willfully and intentionally refused to pay Plaintiff YANITZA V. RUIZ overtime wages as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. The Plaintiff seeks to recover for any unpaid overtime wages accumulated from the date of hire to his last day of employment.

48. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YANITZA V. RUIZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YANITZA V. RUIZ and other similarly situated and against the Defendants COBALT COMMERCIAL and MARCOS BECARI, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff YANITZA V. RUIZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff YANITZA V. RUIZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff YANITZA V. RUIZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF</u>**
**<u>PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3);</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

49. Plaintiff YANITZA V. RUIZ re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

50. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

51. The employer COBALT COMMERCIAL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a maintenance and cleaning business providing workers for commercial accounts. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

52. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated performed their duties on facilities directed to the tourism industry, and they handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants COBALT COMMERCIAL and MARCOS BECARI employed Plaintiff YANITZA V. RUIZ as a busser and cleaning employee from approximately April 01, 2019, through November 23, 2019, or 34 weeks.

57. The Plaintiff was sent to work to The Lincoln Eatery Food Hall, which is an indoor court featuring multiple food vendors such as cafeterias, restaurants, and bars, sharing common self-serve dinner areas and sanitary installations.

58. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly, busser and cleaning employee with a wage rate of $11.00, $12.00, and $12.50 an hour.

59. While employed by Defendants Plaintiff had an irregular schedule. Usually, the Plaintiff worked 5 days per week, a different number of hours every week, but she worked more than 40 hours in a week period most of the time.

60. During the relevant time of employment, sometimes Plaintiff was paid for all her overtime hours at the correct rate, sometimes she was paid just for some overtime hours, and sometimes she was not paid for any of her overtime hours.

61. There is a substantial number of overtime hours that were never paid to the Plaintiff. Based on Plaintiff's paystubs, Defendants failed to pay Plaintiff a minimum of 67.5 overtime hours.

62. The Plaintiff did not clock in and out, but she wrote a timecard, and Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

63. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

64. The Plaintiff was not in agreement with the lack of payment for her working hours and she complained to the Defendants several times. The Plaintiff complained about the missing overtime payment individually and as a part of a team of similarly situated employees.

65. On or about October 22, 2019, Plaintiff complained to her supervisor Nelson LNU, about missing payment for overtime hours.  The supervisor told Plaintiff that on November 11, 2019, there would be an office meeting in which the owner of the business MARCOS BECARI, would explain why Plaintiff and other workers were not entitled to be paid for all their overtime hours.  Defendants never offered the promised explanation on November 11, 2019

66. On or about November 19, 2019, Plaintiff complained again to the supervisor Nelson LNU, she requested to be paid for all her overtime hours.  This time the supervisor told Plaintiff that Defendants would not pay for all her overtime hours, she could take it or leave it.

67. These complaints constituted protected activity under the Fair Labor Standards Act.

68. As a result of the Plaintiff's complaints, on or about November 23, 2019 Plaintiff was ordered to train a new employee, after Plaintiff finished the training hours, Defendant fired Plaintiff without further explanations.

69. At all times during his employment, the Plaintiff performed her work satisfactorily. There was no reason other than retaliation to Plaintiff's retaliatory discharge.

70. At the times mentioned, individual Defendant MARCOS BECARI was, and is now, the owner/director and manager of Defendant Corporation COBALT COMMERCIAL. Individual Defendant MARCOS BECARI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of COBALT COMMERCIAL in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant MARCOS BECARI had absolute operational and financial control of COBALT COMMERCIAL and he is jointly and severally liable for the Plaintiff's damages.

71. The motivating factor which caused the Plaintiff's discharge as described above was her complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, the Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

72. The Defendants' discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

73. Plaintiff YANITZA V. RUIZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YANITZA V. RUIZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants COBALT COMMERCIAL and MARCOS BECARI that Plaintiff YANITZA V. RUIZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants COBALT COMMERCIAL and MARCOS BECARI to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YANITZA V. RUIZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff YANITZA V. RUIZ demands trial by a jury of all issues triable as of right by a jury.

DATED:  February 1, 2020

Respectfully Submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*